IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA B., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| COMMISSIONER OF SOCIAL | : | No. 25-cv-1577 |
| SECURITY, | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

**CRAIG M. STRAW**                                                                **July 22, 2026**
**United States Magistrate Judge**

Plaintiff, Barbara B., seeks review of the Administrative Law Judge's ("ALJ") decision

denying her application for Social Security benefits. Doc. 2. The Commissioner of Social

Security ("Commissioner") moves to dismiss the case, arguing that the complaint was filed late

and no circumstances justify equitable tolling of the deadline. Doc. 12.

After careful review, I find that Plaintiff's complaint was filed after the deadline, and

equitable tolling does not apply. Accordingly, the Commissioner's motion to dismiss is granted,

Plaintiff's request for review is denied, and the complaint is dismissed with prejudice.

I.      **PROCEDURAL HISTORY**[1]

On February 26, 2024, the ALJ issued a decision denying Plaintiff's claim for Social

---

[1] Because Plaintiff's complaint contains limited factual allegations, I rely on the facts from the
ALJ's decision and other exhibits, including Janay Podraza's Declaration, attached to the
Commissioner's motion to dismiss for the relevant procedural and factual background. See Doc.
12, at 11-24; see also E.D. Pa. Form Checklist for Plaintiffs Without Lawyers (Pro Se) Filing a
Social Security Case and Pro Se Form Complaint for Review of Social Security Disability or
Supplemental Security Decision (stating ALJ decision must be attached to complaint); Schmidt
v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (explaining that documents "explicitly relied upon in
the complaint may be considered without converting the motion to dismiss into one for summary
judgment").

Security benefits. Doc. 12, at 24. Plaintiff subsequently asked the Appeals Council to review the ALJ's opinion. Doc. 2-1, at 7; Doc. 12, at 14. The Appeals Council denied the request and sent notice of its decision in a letter dated November 4, 2024. Id. The letter, which also provided notice of Plaintiff's right to commence a civil action within sixty days from the date of receipt ("Notice"), was mailed to the address supplied by Plaintiff. Doc. 12, at 14, 29. On February 6, 2025, the Appeals Council declined to reopen the ALJ's February 26, 2024 decision denying benefits. Doc. 12, at 14, 34. Therefore, the ALJ's decision became the final decision of the Commissioner of Social Security. Id. at 30; see also 20 C.F.R. § 404.981.

On March 25, 2025, Plaintiff, proceeding pro se, filed this action in federal court and consented to my jurisdiction.[2] Id. at 12. The Commissioner filed a motion to dismiss Plaintiff's complaint as untimely. Doc. 12.

## II.   DISCUSSION

### A.  Standard of Review

A party may file a motion to dismiss for a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Affirmative defenses not listed in Federal Rule of Civil Procedure 12(b) generally must be asserted in a party's answer. See Fenimore v. Berryhill, No. 17-4722, 2018 WL 1942359, at *1 (E.D. Pa. 2018). Under "the so-called 'Third-Circuit Rule,'

---

[2] Plaintiff originally filed a Consent to or Declination of Jurisdiction of a Magistrate Judge on July 17, 2025. Doc. 14. In that form, Plaintiff handwrote that she was "appealing the decision of being turned down for [her] mom's survival benefits." Doc. 14, at 1. She also checked both boxes on the form, indicating she wanted to proceed before a Magistrate Judge for all proceedings, and that the case be reassigned to a District Court judge. Id. The Court then directed her by order entered the same day to check only one box on the form and resubmit it to the Court within fourteen days. Doc. 15. The Court amended its order on July 21, 2025, adding the address of the Clerk's Office, and ordered Plaintiff to resubmit the consent form no later than August 11, 2025. Doc. 16. On August 5, 2025, Plaintiff filed a new consent form indicating she voluntarily consented to my jurisdiction to conduct all further proceedings in the case through disposition. Doc. 17.

however, such a defense may be asserted [in a] motion to dismiss if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Brown v. Montgomery Cnty., 470 F. App'x 87, 90 (3d Cir. 2012) (quotations and citation omitted).

When deciding a motion to dismiss, the Court generally considers only the complaint's allegations, exhibits attached to the complaint, and any matters of public record. See Schmidt, 770 F.3d at 249 (quotations and citation omitted). An exception to this rule is that "a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." Id. (quotations and citation omitted); see also Fenimore, 2018 WL 1942359, at *1. This is because "the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated [w]here the plaintiff has actual notice . . . and has relied upon these documents in framing the complaint." Schmidt, 770 F.3d at 249 (quotations and citation omitted). When evaluating the motion, all well-pleaded factual allegations in the complaint must be accepted as true and viewed in the light most favorable to the plaintiff. See Pension Tr. Fund for Operating Eng'rs v. Mortg. Asset Securitization Transactions, Inc., 730 F.3d 263, 268 (3d Cir. 2013). Nevertheless, the Court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." Id. (quotations and citation omitted).

   B. **Plaintiff's complaint should be dismissed because it was filed more than 60 days after she received the Appeals Council's notice denying her request for review.**

To seek review of a final decision of the Commissioner denying benefits, a claimant must commence the action within sixty days after receiving notice of the Commissioner's final decision "or within such further time as the Commissioner may allow." 42 U.S.C. § 405(g). The sixty-day statute of limitations is strictly construed. See Bowen v. City of N.Y., 476 U.S. 467,

3

479 (1986); see also Fenimore, 2018 WL 1942359, at *3 (dismissing civil action as untimely because claimant filed it two days after the sixty-day limitations period). The limitation is a "mechanism by which Congress [is] able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." Id. at 481.

Here, the ALJ issued a decision on February 26, 2024 denying Plaintiff's claim for benefits. Doc. 12, at 24. On November 4, 2024, the Appeals Council denied Plaintiff's request to review the ALJ's decision. Doc. 2-1, at 7; Doc. 12, at 14. The Appeals Council sent a Notice, by mail addressed to Plaintiff and dated November 4, 2024, stating Plaintiff could commence a civil action within sixty days from the date of receipt of the Notice. Id. at 29. Thus, the deadline[3] for Plaintiff to commence a civil action was January 8, 2025.[4] Nevertheless, Plaintiff did not file her complaint until March 25, 2025—seventy-five days after the deadline. Doc. 12, at 15.

Because Plaintiff did not file her complaint until March 25, 2025, well after the deadline, her complaint is untimely unless the Court finds the deadline should be equitably tolled.

**C. Equitable tolling of the 60-day statute of limitations is not warranted here.**

The Supreme Court has held that the sixty-day requirement set forth in 42 U.S.C. § 405(g) is not jurisdictional, but instead the parties can waive the statute of limitations, and it can be subject to equitable tolling. See Bowen, 476 U.S. at 478-80. Equitable tolling is applied

---

[3] After receiving the Notice, Plaintiff subsequently moved to reopen the ALJ's decision denying benefits. Doc. 2-1, at 7. On February 6, 2025, the Appeals Council denied the motion to reopen. Id. at 34. A request to reopen does not toll the sixty-day deadline. See Califano v. Sanders, 430 U.S. 99, 108 (1977) ("[A]n interpretation that would allow a claimant judicial review simply by filing and being denied a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in § 205(g), to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits."). Therefore, the motion to reopen had no effect on the deadline to file the complaint in this case.

[4] Although sixty days from November 4, 2024 was January 3, 2025, the filing deadline is January 8, 2025 because the date of receipt for timeliness purposes is five days after the date of notice, absent a reasonable showing to the contrary. See 20 C.F.R. § 422.210.

sparingly. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002). In general, equitable tolling may apply "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Kramer v. Comm'r of Soc. Sec., 461 F. App'x 167, 169 (3d Cir. 2012) (per curiam) (quotations and citation omitted); see also Bowen, 476 U.S. at 481 (holding equitable tolling of deadline was appropriate when government's secretive conduct prevented plaintiffs from knowing their rights were violated). Equitable tolling is only appropriate in cases "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." Bowen, 476 U.S. at 480 (quotations and citation omitted). Mere excusable neglect is insufficient. See Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). The plaintiff bears the burden of establishing equitable tolling. See Cardyn v. Comm'r of Soc. Sec., 66 F. App'x 394, 397 (3d Cir. 2003) (quotations and citation omitted).

The Commissioner may also extend the sixty-day period to commence a civil action "upon a showing of good cause." 20 C.F.R. § 422.210(c). In determining whether good cause exists, the Commissioner considers: (1) the circumstances that prevented the claimant from making the request on time; (2) whether the Social Security Administration's action misled the claimant; (3) whether the claimant failed to understand the requirements of the Social Security Act because of amendments to the Act, legislation, or court decisions; and (4) whether the claimant had any physical, mental, educational, or linguistic limitations which prevented them from filing a timely request. See 20 C.F.R. § 404.911(a)(1)-(4); see also Kramer, 461 F. App'x at 168 (holding claimant failed to establish good cause where he received notice of right to request extension within the sixty-day limitations period but failed to move for extension).

Plaintiff has not alleged any circumstances to justify equitable tolling in this case. There is no evidence Plaintiff did not receive the Notice, nor does she make this contention. See 20 C.F.R. § 422.10; see also 42 U.S.C. § 405(g). Moreover, Plaintiff has not established any other bases for equitable tolling because she was misled or prevented in any extraordinary way from asserting her rights. See Kramer, 461 F. App'x at 169. Finally, Plaintiff did not request an extension of the deadline from the Commissioner or present any good cause for extending the deadline. See 20 C.F.R. § 422.10(c); see also Doc. 12, at 14-15. Therefore, Plaintiff cannot show equitable tolling of the deadline is appropriate here.

## III.    CONCLUSION

Plaintiff's complaint is untimely because she filed it seventy-five days after the deadline. Furthermore, Plaintiff cannot demonstrate the deadline should be equitably tolled.

For these reasons, the Commissioner's motion to dismiss is granted, Plaintiff's request for review is denied as untimely, and the complaint is dismissed with prejudice. An appropriate order accompanies this opinion.

BY THE COURT:

/s/ Craig M. Straw
CRAIG M. STRAW
U.S. Magistrate Judge